IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. |
| | § | 4:09-CR-149 (1)-ALM-CAN |
| BOBBY ALLEN BOGLE (1), | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on October 26, 2015, to determine whether Defendant violated his supervised release. Defendant was represented by Denise Benson. The Government was represented by Tracey Batson.

On August 31, 2010, Defendant was sentenced by the Honorable United States District Judge David J. Folsom to twenty-seven (27) months imprisonment on each of Counts 1, 2, and 3 to be served concurrently with one another, followed by a three (3) year term of supervised release for the offense of Mail Fraud (3 Counts). On October 16, 2012, Defendant completed his period of imprisonment and began service of his term of supervised release.

On September 3, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 49 Sealed]. The Petition asserted that Defendant violated four (4) conditions of supervision, as follows: (1) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and

complete written report within the first five (5) days of each month; (2) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician; and (4) Defendant shall submit monthly restitution payments at a rate of at least ten percent (10%) of the defendant's gross income, to be changed during supervision if needed, based on the defendant's changed circumstances, and at least fifty percent (50%) of receipts received from gifts, tax returns, inheritance, bonuses, lawsuit awards, and any other receipt of money much be paid toward the unpaid restitution balance within fifteen (15) days of receipt.

The Petition alleges that Defendant committed the following acts: (1) Defendant submitted written monthly reports during the months of March, April, May, and June 2015, all of which were untruthful, as he failed to accurately report his gross income for those months; (2) During an office visit on July 30, 2015, Defendant falsely answered questions to his U.S. Probation Officer regarding his financial statement and monthly expenses, and submitted documentation indicating that he pays a monthly amount of rent when, in fact, he was not required to submit rent for six months to his landlord – Defendant's landlord admitted to the U.S. Probation Officer that the document was not correct; (3) Defendant admitted to U.S. Probation Officers Gilbert Luna and Susan Budjenska that he has been using marijuana; and (4) Defendant failed to submit monthly restitution payments of at least ten percent (10%) of his gross income for the months of March, April, May, June, and July 2015.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation one (1) and four (4) of the Petition, specifically that Defendant failed to submit

truthful monthly reports for the months of March, April, May, and June 2015 to the U.S. Probation Officer in that he failed to accurately report his gross income for those months, and that Defendant failed to submit monthly restitution payments of at least ten percent (10%) of his gross income for the months of March, April, May, June, and July 2015. The Government withdrew the remaining allegations. Having considered the Petition and the plea of true to allegation one (1) and four (4), the Court finds that Defendant did violate his conditions of supervised release by failing to accurately report his gross income in his monthly report for the months of March, April, May, and June 2015, and failed to submit monthly restitution payments for the months of March, April, May, June and July 2015.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that Defendant be sentenced to imprisonment for time previously served by Defendant with thirty-five (35) months of supervised release to follow, less ten (10) days for time served. Based on the foregoing, the Court recommends that Defendant be released from custody on this date, and begin the aforementioned term of supervised release.

**SIGNED this 26th day of October, 2015.**

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE